NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2000-1, Plaintiff-Appellee,
v.
NAMONA A. FAILAUGA, Defendant-Appellant and
JOHN DOES 1-50, et al., Defendants.
No. 26947
Intermediate Court of Appeals of Hawaii.
December 21, 2007.
Gary Victor Dubin, for Defendant-Appellant.
Steven T. Iwamura, Derek W.C. Wong, Robert M. Ehrhorn, Jr., (Clay Chapman Crumpton Iwamura & Pulice), for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Defendant-Appellant Namona A. Failauga (Failauga) appeals from the "Judgment Based on Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment" (Judgment) filed on August 2, 2004 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment in favor of Plaintiff-Appellee Norwest Bank Minnesota, National Association, as Indenture Trustee Under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2000-1 (Norwest)[2] and against Failauga.
At a hearing on July 7, 2004, the circuit court orally granted "Plaintiff's Motion for Summary Judgment and for Writ of Ejectment" (Motion for SJ) On August 2, 2004, the circuit court filed its "Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment (Order Granting Motion for SJ)) and a Writ of Ejectment.
On August 12, 2004, Failauga filed a "Motion for Reconsideration and to Set Aside (1) August 2, 2004 Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment,(2) August 2, 2004, Judgment Based on Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment, and (3) August 2, 2004, Writ of Ejectment" (Motion for Reconsideration).
On October 13, 2004, the circuit court filed an "Order Denying Defendant Namona A. Failauga's Motion for Reconsideration and to Set Aside (1) August 2, 2004 Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment (2) August 2, 2004 Judgment Based on Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment and (3) August 2, 2004 Writ of Ejectment Filed 8/14/04" (Order Denying Motion for Reconsideration).[3] Failauga timely appealed.
On appeal, Failauga argues that the circuit court abused its discretion by denying his Motion for Reconsideration because, prior to the hearing on the Motion for SJ, Norwest did not serve Failauga's counsel, Gary Victor Dubin (Dubin), with a copy of the Motion for SJ; consequently, Dubin had no notice of and failed to appear at the hearing on the Motion for SJ.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration the arguments advanced and the issues raised by the parties, we hold that the circuit court did not abuse its discretion by denying Failauga's Motion for Reconsideration. Regardless of whether Norwest's counsel misled Dubin into believing that Norwest had granted Dubin an open extension to answer the First Amended Complaint, Dubin did not request such an extension from the circuit court, as required by Hawaii Rules of Civil Procedure (HRCP) Rule 6(b). On June 16, 2004 Norwest served by mail a copy the Motion for SJ on Failauga. Assuming, arguendo, that Norwest erred by failing to serve on Dubin a copy of the Motion for SJ, pursuant to HRCP Rule 5 (b) (1) (a) and (b), prior to the hearing on the motion, the error was harmless because Failauga has not explained how there was a genuine issue of material fact in the instant case or how the circuit court's granting of the Motion for SJ was "inconsistent with substantial justice See HRCP Rules 56 and 61.
Therefore,
The "Judgment Based on Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment" filed on August 2, 2004, in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Karen N. Blondin presided over the summary judgment hearing and issued the "Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment," "Judgment Based on Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment, and "Writ of Ejectment.
[2] The answering brief of Plaintiff-Appellee Norwest Bank Minnesota, National Association, as Indenture Trustee Under the Indenture. Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2000-1 (Norwest) fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3) and (c) in that in Norwest's statement of the case, Norwest fails to provide "record references supporting each statement of fact or mention of court . proceedings." Norwest's attorneys are warned that future non-compliance with HRAP Rule 28(b)(3) and (c) may result in sanctions against them.
[3] The Honorable Robert M. Browning presided at the hearing on the Motion for Reconsideration and issued the order denying the motion.